Ex. 4

4

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

KENT, SC. SUPERIOR COURT

MICHAEL G. KESELICA :
:
vs. : KM-2006-00920
:
A.T. WALL :

STATE'S OBJECTION TO PETITIONER'S MOTION TO SET BAIL

Now comes the State of Rhode Island, by and through its attorneys, Patrick C. Lynch, Attorney General, and John E. Corrigan, Special Assistant Attorney General, and hereby objects to Michael G. Keselica's (Petitioner's) Motion to Set Bail following the filing of a petition for the great writ of habeas corpus in Kent County Superior Court. Defendant is presently being held at the Adult Correctional Institutions on a Governor's Warrant from the Commonwealth of Virginia.

Petitioner stands convicted of the crime of embezzlement in the Commonwealth of Virginia. He was sentenced to twelve years at the Virginia Department of Corrections, given thirty months to serve with the balance of that sentence suspended and eight years probation. Petitioner was found to be a violator of the terms of his probation on October 22, 1999 and was ordered to serve seven years of that sentence. Petitioner appealed and lost. Pending that appeal, Petitioner was released on an appeal bond, and has not returned to Virginia to serve his sentence, and that is why he is now wanted by Virginia.

Petitioner should not be granted bail in this matter because he represents a severe risk of flight if released. The whole reason why he is before the court with a Governor's Warrant lodged against him is because, when he posted his $7,500 appeal bond back in 1999, he never returned to face his sentence. He is not awaiting trial; he is no longer

Ex. 4

waiting on any appeal. He has lost the presumption of innocence, and he is supposed to be serving time in Virginia. He has fought extradition to Virginia several times before from Maryland, and there is absolutely no reason to believe that the Petitioner will stay in Rhode Island to await the final disposition of this habeas corpus proceeding. He has shown no willingness to return voluntarily to Virginia to serve his imposed sentence.

Petitioner cites the case of *Bailey v. Laurie*, 373 A.2d 482 (R.I. 1977) for the proposition that bail can be set while a habeas corpus petition is pending. In Bailey, the petitioner in that case had been charged with larceny in the State of Michigan. Charged—and not yet convicted and found to be a probation violator as is the case with Mr. Keselica. *Id.* at 483.

Furthermore, Petitioner's ties to the community are not strong enough to warrant the setting of bail. Petitioner indicates that he lives with his father in Newport, Rhode Island, but Petitioner has substantial ties to the State of Maryland (where he fought extradition on previous fugitive matters). He has two sisters: Nicole and Noelle Keselica, both of Gaithersburg, Maryland, who could provide him safe keeping if he were released and decided to flee to that jurisdiction where he would again allege that any further extradition attempts by Virginia would be barred by the doctrine of res judicata.

In short, if Petitioner were admitted to bail, he would become not only a fugitive from Virginia, but from Rhode Island as well.