Ex. 7

VIRGINIA:

IN THE CIRCUIT COURT OF FAIRFAX COUNTY

| | | |
|---|---|---|
| COMMONWEALTH OF VIRGINIA | ) | CRIMINAL NO. 87970 |
| VERSUS | ) | |
| MICHAEL GEORGE KESELICA | ) | INDICTMENT - EMBEZZLEMENT |

**FINAL ORDER**

On September 17, 1999, the Commonwealth's Attorney, the Defendant, MICHAEL GEORGE KESELICA, and John Zwerling, Counsel for the Defendant, appeared before this Court. The Defendant is convicted of the felony of EMBEZZLEMENT and he appeared while on probation.

On February 8, 1995, the Defendant, MICHAEL GEORGE KESELICA, was convicted in the Circuit Court of Fairfax County, Virginia, of the felony of EMBEZZLEMENT. On April 21, 1995, MICHAEL GEORGE KESELICA was sentenced to serve twelve (12) years in the Penitentiary House of this Commonwealth and pay the costs of this case. All but thirty (30) months of the sentence were suspended conditioned upon the Defendant's good behavior and that he be placed on active probation, subject to the Conditions of Probation, for eight (8) years upon his release from confinement, to be supervised by the Probation and Parole Office District #29 in Fairfax, Virginia. The Court further ordered, as special conditions of his probation, that the Defendant enter and successfully complete any drug counseling, drug testing, drug treatment or mental health programs as recommended to him by the Probation Officer, that he pay restitution to Mr. and Mrs. Winstead in accordance with the restitution plan that was submitted to the Court regardless or any restitution ordered in Montgomery County, Maryland, and that he participate in the Aftercare Program at Suburban Hospital in Bethesda, Maryland.

On June 16, 1995, this case came before the Court on the Defendant's motion to reconsider the sentence imposed on April 21, 1995, which motion the Court granted. The Court ordered that the sentence imposed on April 21, 1995, to wit: twelve (12) years in the Penitentiary House of this Commonwealth with all but thirty (30) months suspended, be reduced to twelve (12) years in the Penitentiary House of this Commonwealth with

7/jr
70

Ex. 7

all but one (1) year and three hundred sixty-four (364) days suspended. All other terms and conditions of the final order entered on May 4, 1995, remained in full force and effect; all of which is reflected by prior orders of this Court in this case.

It was reported to the Court that the Defendant had violated the terms of his probation. The Court brought the Defendant in Court today and ordered him to show cause why the suspended sentence should not be revoked. The Defendant denied the violations, as alleged.

The Court heard all of the evidence presented and argument of Counsel. In consideration, the Court **ORDERED** that seven (7) years of the suspended sentence be revoked and ordered into execution. The Court **ORDERED** that MICHAEL GEORGE KESELICA serve seven (7) years with the Virginia Department of Corrections and pay the costs of this case.

The Court further **ORDERED** that the balance of the restitution be reduced to a judgment. The Court **ORDERED** that the balance of the restitution owed be reduced to a judgment in favor of the Commonwealth of Virginia against the Defendant, MICHAEL GEORGE KESELICA, in the amount of $ 25, 310.81 plus interest at the judgment rate from the date of judgment.

Counsel for the Defendant moved the Court to set an appeal bond, which motion the Court, after hearing argument granted.

The Court **ORDERED** that an appeal bond be set in the amount of $ 7, 500.00 cash.

The Court further **ORDERED**, that in the event of an appeal in this case, a transcript of the relevant proceedings including the April 21, 1995 sentencing hearing, shall be made a part of the record and forwarded to the Court of Appeals.

The fee of the Court Reporter who recorded the evidence and incidents of trial in this case is assessed as costs, as provided in § 19.2-165 of the 1950 Code of Virginia, as amended.

The Court certifies that at all times during the revocation hearing, the Defendant was personally present and his Attorney was likewise personally present and capably represented the Defendant.

The Defendant was remanded to the custody of the Sheriff.

Entered on October 22, 1999.

JUDGE STANLEY P. KLEIN

:/ljr
70

0200