Case 1:07-cv-00224-ML-DLM Document 1-17 Filed 06/20/2007 Page 1 of 1

Ex. 16



subsequent arrest of the accused on the same charge. Similarly, where the indictment on which an accused was originally extradited is dismissed on motion of the state's attorney before the accused is placed in jeopardy, a second indictment for the same offense may serve as a basis for subsequent extradition proceedings without violating any rights of the accused.[3]

**IIII** *Observation:* The demanding state may also bring a mandamus action to secure a fugitive's extradition.[4]

### § 161. —International cases

If a magistrate refuses to order the extradition of a fugitive to another country, the demanding country's recourse is limited to refiling the complaint.[5] The government cannot obtain review of a magistrate's decision by mandamus[6] or declaratory judgment.[7]

The principle of res judicata is not applicable to international extradition proceedings; hence a previous determination that extradition was barred by the political offense doctrine is not res judicata on a second complaint, even though it is based on the same allegations.[8]

### § 162. Effect of grant of habeas corpus by court of asylum state

A determination whether a discharge of one held for extradition bars a subsequent extradition proceeding may depend on whether the same matters are raised in the second proceeding as were decided in the earlier habeas corpus case. It has been recognized that a discharge from arrest incident to an extradition proceeding by habeas corpus bars a subsequent extradition proceeding within the same jurisdiction where identical issues and evidence are presented.[9] But a writ of habeas corpus based merely on the irregularity of the original extradition demand or proceedings does not bar a subsequent extradition proceeding based on sufficient process.[10] The discharge of the petitioner

3. Bassing v Cady, 208 US 386, 52 L Ed 540, 28 S Ct 392; Ex parte Ray, 215 Mich 156, 183 NW 774.

4. Puerto Rico v Branstad, 483 US 219, 97 L Ed 2d 187, 107 S Ct 2802, discussed in § 95.

5. Re Mackin (CA2 NY) 668 F2d 122.

6. Re Mackin (CA2 NY) 668 F2d 122.

7. United States v Doherty (CA2 NY) 786 F2d 491, habeas corpus proceeding (CA2 NY) 808 F2d 938, later proceeding (SD NY) 1988 US Dist LEXIS 436.

Scope of review in extradition proceedings: the government cannot appeal a denial of extradition request based on the Declaratory Judgment Act. 19 Vand. J. Transnat'l L. 893, Fall 1986.

8. Re Extradition of Artukovic (CD Cal) 628 F Supp 1370, stay den (CA9 Cal) 784 F2d 1354.

9. Collins v Loisel, 262 US 426, 67 L Ed 1062, 43 S Ct 618; Re White (CC Minn) 45 F 237; Seigler v Canterbury, 136 Colo 413, 318 P2d 219; Stack v State (Fla App D4) 333 So 2d 509; Ex parte Messina, 233 Mo App 1234, 128 SW2d 1082; People ex rel. Grant v Doherty, 42 Misc 2d 239, 247 NYS2d 759, revd on other grounds (2d Dept) 21 App Div 2d 829, 251 NYS2d 596; Wells v Sheriff, Carter County (Okla Crim) 442 P2d 535, 33 ALR3d 1432.

***Annotation:*** 33 ALR3d 1443 § 3.

10. Collins v Loisel, 262 US 426, 67 L Ed 1062, 43 S Ct 618; Ex parte Schorer (DC Wis) 195 F 334; Re White (CC Minn) 45 F 237; Cain v Moore, 182 Conn 470, 438 A2d 723, cert den 454 US 844, 70 L Ed 2d 129, 102 S Ct 157; Kurtz v State, 22 Fla 36; People ex rel. Ritholz v Sain, 26 Ill 2d 455, 187 NE2d 241; People ex rel. Shockley v Hardiman (1st Dist) 152 Ill App 3d 38, 105 Ill Dec 240, 504 NE2d 109; Ex parte Ray, 215 Mich 156, 183 NW 774; Debski v State, 115 NH 673, 348 A2d 343; People ex rel. Grant v Doherty, 42 Misc 2d 239, 247 NYS2d 759, revd on other grounds (2d Dept) 21 App Div 2d 829, 251 NYS2d 596; Wells v Sheriff, Carter County (Okla Crim) 442 P2d 535, 33 ALR3d 1432 (recognizing rule); State ex rel. Yarbrough v Snider, 2 Or App 97, 465 P2d 739; State ex rel. Hebert v Coleman, 3 Tenn CCA 316.

***Annotation:*** 33 ALR3d 1443 § 4.