UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MICHAEL KESELICA, :
Petitioner, :
v. :
: CA 07-224 ML
ASHBEL T. WALL, :
Respondent. :

**REPORT AND RECOMMENDATION**

Before the Court is the Motion to Proceed in Forma Pauperis (Document ("Doc.") #5) ("Motion") filed by Petitioner Michael Keselica ("Petitioner"). Because I conclude that the Motion should be denied, it is addressed by way of this Report and Recommendation. See Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005)(explaining that because denial of a motion to proceed in forma pauperis is the functional equivalent of an involuntary dismissal, a magistrate judge should issue a report and recommendation for a final decision by the district court).

This is now the fifth action in this Court in which Petitioner challenges, directly or indirectly, efforts to extradite him to Virginia. The prior actions are listed below.

1. Keselica v. McCauley, et al., CA 06-448 ML ("Keselica I"). This was a petition for a writ of habeas corpus pursuant to § 2254. The action was dismissed on January 19, 2007, when Chief Judge Mary M. Lisi accepted the Report and Recommendation of this Magistrate Judge.

2. Keselica v. Carcieri, et al., CA 06-490 S ("Keselica II"). This was a civil rights action pursuant to 42 U.S.C. §§ 1983 and 1985. It was dismissed on December 27, 2006, by District Judge William E. Smith, following his acceptance of a Report and Recommendation from this Magistrate Judge.

3. Keselica v. Carcieri, et al., CA 07-026 ML ("Keselica III"). This was another action brought pursuant to §§ 1983 and

1985. It was dismissed on February 13, 2007, when Chief Judge Lisi accepted the January 30, 2007, Report and Recommendation of Senior Magistrate Judge Jacob Hagopian.

4. Keselica v. Wall, CA 07-67 T ("Keselica IV"). This was another petition for habeas corpus, but this time pursuant to 28 U.S.C. § 2241. The petition was dismissed on May 3, 2007, when Senior District Judge Ernest C. Torres issued an order stating that the Petition lacked merit.[1]

In the instant Petition, see Petition for Writ of Habeas Corpus Subsection 2241 (Doc. #1), Petitioner repeats the arguments which this Court has already considered and found to be without merit. Petitioner additionally argues that this Court erred in its handling of his petition in Keselica IV. Specifically, he alleges: 1) that the Court erred in allowing this Magistrate Judge "to deny [Petitioner's] habeas 2241 petition without authorization by a U.S. District Judge pursuant to 28 U.S.C. subsection 636(b)(1)(B) ...," Petition at 5, because he allegedly lacked jurisdiction to issue a report and recommendation on Petitioner's 2241 habeas petition, see id.; 2) that this Magistrate Judge "erred in dismissing [Petitioner's] habeas claim I by stating that Rhode Island General Laws Subsections 12-9-8 and 12-9-3 are state statutes and federal habeas corpus relief does not lie for errors of state law;" id. at 5-6; 3) that this Magistrate Judge "erred in dismissing [Petitioner's] Habeas Claim VI," id. at 6; 4) that this Magistrate Judge "erred in denying [Petitioner's] Petition for Writ of Habeas Corpus Subsection 2241 by not ruling upon [Petitioner's] Habeas Claims II, III, VI [sic], V, and VII," id.;

---

[1] This Magistrate Judge had issued a Report and Recommendation on March 20, 2007, recommending that four motions which Petitioner had filed be denied and that the petition be dismissed because it lacked merit. See Keselica IV, Report and Recommendation of 3/20/07 (Doc. #10).

and 5) that Senior Judge Torres erred in adopting the Report and Recommendation of this Magistrate Judge in Keselica IV, see id. at 6. These alleged errors are not reviewable in this Court.

This Magistrate Judge assumes that the First Circuit in transferring the Petition to the District of Rhode Island, see Letter from Liaison to DiMarzio of 6/19/07 (Doc. #2), intended for this Court to consider Petitioner's other claims relative to his extradition. The Court has already done so and found them to be without merit. See Keselica IV.[2] Thus, the Petition constitutes a second or successive habeas petition and should be dismissed pursuant to 28 U.S.C. § 2244(b).[3] Accordingly, I recommend that the Motion be denied pursuant to 28 U.S.C. § 1915(e)(2).

**Conclusion**

For the reasons stated above, I recommend that the Motion be

---

[2] Specifically, Claims I, II, III, IV, and VI in Keselica IV challenged the sufficiency of the extradition documents and/or the accuracy of statements in those documents and/or the facts on which they were based. See Report and Recommendation of 3/20/07 at 4-11 (finding, *inter alia*, alleged deficiencies to be insubstantial and/or non-prejudicial and stating that assertions which Petitioner made in support of these claims were baseless, unsupported, and/or without merit); see also id. at 12-14 (finding challenges to validity of original conviction, probation revocation, and seven year sentence procedurally barred). Claims V and VII were premised on Petitioner's contention that the June 4, 2004, hearing in the Circuit Court for Washington County, Maryland, resulted in a ruling which bars the present extradition by virtue of collateral estoppel, res judicata, double jeopardy, and the full faith and credit clause. The Court rejected this premise. See id. at 11-12.

[3] Section 2244(b) provides in relevant part that:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> ....

28 U.S.C. § 2254.

denied. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
June 28, 2007