IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MICHAEL G. KESELICA,
Petitioner

v. CA 07-224 ML

ASHBEL T. WALL,
Respondent

PETITIONER'S OBJECTION TO U.S. MAGISTRATE JUDGE DAVID MARTIN'S JUNE 28, 2007 REPORT AND RECOMMENDATION

Now comes Petitioner, Michael G. Keselica, prose and objects to U.S. Magistrate Judge David Martin's June 28, 2007 Report and Recommendation in the above captioned case, stating the following:

On June 9, 2007, Petitioner filed, in the Chambers of Circuit Judge Sandra Lynch of the First Circuit, Boston, Massachusetts, Petitioner's subsection 2241 Petition for Writ of Habeas Corpus. Petitioner did this as he has been experiencing profound "prose prejudice" at the hands of U.S. Magistrate Judge David Martin.

On June 19, 2007, Petitioner's 2241 habeas petition to Justice Lynch was referred to the U.S. District Court of Rhode Island, pursuant to Fed. R. App. P 22(a).

On June 28, 2007, U.S. Magistrate Judge David Martin recommended that Petitioner's habeas 2241 petition be denied, as well as Petitioner's Motion for Bail. This Objection follows.

This is the second time that Magistrate Martin has adjudicated Petitioner's Petition, the second time that Magistrate Martin has

erred in his Report and Recommendation and the second time that Magistrate Martin has exhibited "pro se prejudice" towards Petitioner.

Enough is enough, and as I write, I am initiating an investigation, not only into Mr. Martin's consistent abuse of his bench towards me and others that I have documented but also into this Court's failures to properly supervise this magistrate and to properly adjudicate and enforce federal law, for which this Court has repeatedly failed in Petitioner's case.

This Rhode Island legal culture of quiescence must stop, and with it the lack of oversight and legal negligence that permeates throughout all levels of this Court and the corruption that permeates all levels of this State.

It is quite clear that Magistrate Martin has no clue as to the mechanics of extradition law and this Court has failed in its role as a neutral trier of fact and in allowing Magistrate Martin to continue to litigate Petitioner's habeas extradition claims despite his obvious and significant legal deficiencies in the area of extradition law.

It really doesn't matter what I state in my Objection, as this Court will side with Magistrate Martin, no matter the degree of error in Magistrate Martin's Report and Recommendation.

I. You can't say that my claims have no merit in this Court when another Court has deemed these same habeas extradition claims meritorious, especially so since this Court never conducted a hearing, evidentiary, or otherwise, when the Court that deemed these claims meritorious did. It would follow then that if this Court did conduct a hearing and actually allow Petitioner to properly and fully litigate his claims that this Court would come to the same conclusion as the Court in Maryland.

II. Magistrate Martin can't say that my petition should be dismissed pursuant to 28 U.S.C. subs. 2244(b) because it constitutes a second or successive habeas petition when my petition is a section 2241 petition - not a section 2254 petition. Section 2244(b) provides in relevant part that:

"(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."

Such is not the case here.

Additionally, the AEDPA does not apply to section 2241 petitions, nor does 28 U.S.C. subs 2244(b).

Finally, and most importantly, Petitioner's habeas extradition claims in the above captioned case:

I. Deputy Commonwealth Attorney Raymond Morrogh's perjured requisition affidavit invalidates both Virginia Governor Kaine's Requisition Warrant and Rhode Island Governor Carcieri's Rendition Warrant and has resulted in Petitioner's false arrest and illegal incarceration in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

II. Petitioner's arrest as a fugitive from justice from the Commonwealth of Virginia is in violation of the extradition clause, Article IV, Section 2, Clause 2 of the U.S. Constitution.

III. The Extradition Documents are technically deficient thus violating one of the four prongs of Doran as set forth by the United States Supreme Court.

IV. Petitioner's current extradition proceeding is in violation of Petitioner's fifth amendment guarantee against double jeopardy.

V. The petition for writ of habeas corpus should be granted under

Article IV, Section 1, The Full Faith and Credit Clause, of the United States Constitution and the doctrine of res judicata. contrary to Magistrate Martin's erroneous claim, were not previously considered by this Magistrate.

No where in Magistrate Martin's March 20, 2007 Report and Recommendation and followup April 2, 2007 Order Denying Petitioner's Motions to Amend and to Supplement, do the words or phrases: Fourth and Fourteenth Amendments appear (habeas claim I); Article IV, Section 2, Clause 2 of the U.S. Constitution (habeas claim II); the four prongs of extradition law set forth by the U.S. Supreme Court in Michigan v. Doran (habeas claim III); the Double Jeopardy Clause of the Fifth Amendment appear (habeas claim IV); and Article IV, Section 1, Full Faith and Credit and res judicata appear (habeas claim V).

Nor did this Magistrate cite U.S. Supreme Court or other cases in opposition to those U.S. Supreme Court cases cited by Petitioner in validating Petitioner's habeas claims: Appleyard v. Massachusetts, Michigan v. Doran, Gerstein v. Pugh and Mooney v. Holahan (habeas claim I); Roberts v. Reilly, Strassheim v. Daily, Ex parte Reggel, Hyatt v. People ex rel. Corkran, South Carolina v. Bailey, Illinois ex rel McNichols v. Pease and Taylor v. Taintor (habeas claim II); Michigan v. Doran (habeas claim III); Ashe v. Swenson, Green v. United States, Matter of Strauss, Bassing v. Cady, Justices of Boston Municipal Court v. Lydon, Richardson v. U.S., and Allen v. McCurry (habeas claim IV); and Morse v. U.S., Collins v. Loisel, Riley v. New York Trust Co., and Durfee v. Duke (habeas claim V).

So, no, Petitioner's habeas claims were never previously considered by this Magistrate.

Magistrate Martin never addressed these claims but addressed and opinioned upon claims Petitioner never raised. If Magistrate Martin

deems Petitioner's habeas extradition claims non-meritorious then he also deems the U.S. Constitution and U.S. Supreme Court opinions non-meritorious, for they are the backbone of Petitioner's habeas extradition claims currently before this Court.

III. Finally, Magistrate Martin did not have jurisdiction to look at and opinion upon Petitioner's habeas petition, as this petition was never referred to Magistrate Martin by a District Judge pursuant to 28 U.S.C. subs. 636(b)(1).

This Court has a responsibility to insure the proper application of federal law in Petitioner's case and to protect Petitioner's rights pursuant to the U.S. Constitution. You have failed in your duty.

Respectfully submitted,

[signature]

Michael Keselica
#131867
P. O. Box 8249
Cranston, RI 02920

CERTIFICATION

I HEREBY CERTIFY that on this 5th day of July, 2007, a copy of the foregoing was mailed postage paid first class to the Office of the Attorney General, 150 So. Main Street, Providence, RI 02903

[signature]